HARRY M. HAWKINS ET AL *v.* COMMISSION

Robert L. Weiss, Portland, Oregon, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered July 26, 1967.

EDWARD H. HOWELL, Judge.

The sole issue in this case is whether the 150 percent declining balance method of depreciation used by the taxpayers during the tax years 1962, 1963 and 1964 may be employed in Oregon, or whether the taxpayers are restricted to the straight line method.

The facts have been stipulated. During the years involved Harry Hawkins and his wife, Gladys, the taxpayers, were partners in Equitable Building Associates whose principal asset was the former Equitable Building which they acquired in 1962 in Portland, Oregon.

■ The partnership elected to depreciate the building using the 150 percent declining balance method. This is a method of depreciation whereby 150 percent of the straight line rate is applied each year to the unrecovered cost or basis of the property. The tax commission disallowed this method and contended that only the straight line method of depreciation was available to the taxpayers.

■ Prior to 1958, ORS 316.335 provided that "In computing net income there shall be allowed as a deduction a reasonable allowance for the depreciation * * * of property used in a trade or business * * *."① Under this statute the tax commission, by its former

① The 1939 Internal Revenue Code also provided for a "reasonable allowance" for depreciation.

Reg 6.335(1)-(D), expressly disallowed the declining balance method of depreciation. In 1957, by ch 15, Or L 1957, Special Session, the legislature amended ORS 316.335 by adding provisions for methods and rates of depreciation including the declining balance method so that the statute now reads, in part:

"* * * The reasonable allowance under this subsection includes an allowance computed in accordance with regulations prescribed by the commission under any of the following methods:

"(a) The straight-line method;

"(b) The declining balance method, using a rate not exceeding twice the rate which would have applied had the annual allowance been computed under paragraph (a) of this subsection;

"(c) The sum-of-the-years digits method; and

"(d) Any other consistent method approved by the commission.

"(2) The regulations prescribed by the commission pursuant to this section shall be designed to permit the adoption and use by the taxpayer of a uniform method of computing his allowance for depreciation for the purposes of this chapter and for federal income tax purposes.

"(3) Paragraphs (b), (c) and (d) of subsection (1) of this section shall apply only in the case of property (other than intangible property) described in subsection (1) of this section with a useful life of three years or more:

"* * * * *

"(b) Acquired after December 31, 1956, if the original use of such property commences with the taxpayer and commences after such date.

"* * * * *"

Much of the above language was obviously taken from section 167 of the 1954 Internal Revenue Code.[2]

_____

[2] "Sec. 167(a) General Rule.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion,

■ After the enactment of ch 15, Or L 1957, *supra,* the tax commission adopted Reg 316.335(3) which recognized the declining balance method of depreciation but limited it as follows:

"Reg 316.335(1)-(G). * * * As to property acquired for original use or constructed after December 31, 1956, * * * the declining balance method is now sanctioned by the Oregon income tax law. * * *"

"Reg 316.335(3). * * *

"(B) If the property was not constructed, reconstructed, or erected by the taxpayer, these methods apply only if it was acquired after December 31, 1956, and if the original use of the property commences with the taxpayer and commences after December 31, 1956. * * *"

---

wear and tear (including a reasonable allowance for obsolescence)—

"(1) of property used in the trade or business, or

"(2) of property held for the production of income.

"(b) Use of Certain Methods and Rates.—For taxable years ending after December 31, 1953, the term 'reasonable allowance' as used in subsection (a) shall include (but shall not be limited to) an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods:

"(1) the straight line method,

"(2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1),

"(3) the sum of the years-digits method, and

"(4) any other consistent method * * *.

"Nothing in this subsection shall be construed to limit or reduce an allowance otherwise allowable under subsection (a).

"(c) Limitations on Use of Certain Methods and Rates.—Paragraphs (2), (3), and (4) of subsection (b) shall apply only in the case of property (other than intangible property) described in subsection (a) with a useful life of 3 years or more—

"* * * * *

"(2) acquired after December 31, 1953, if the original use of such property commences with the taxpayer and commences after such date.

"* * * * *"

The parties have stipulated that the Equitable Building, which was purchased by the taxpayers in 1962, was not constructed by the partnership and the original use of the building did not commence with the partnership. It is for this reason that the tax commission contends that the 150 percent declining balance method of computing depreciation is not available to the taxpayers.[9]

■ In answer to this argument the taxpayers contend that the legislature intended to adopt the federal interpretation which allowed the 150 percent declining balance method because in amending ORS 316.335 the language of section 167 of the 1954 Internal Revenue Code was adopted almost verbatim. The taxpayers buttress this argument by pointing to the following language in the 1957 amendment to ORS 316.335, *supra:* "The regulations prescribed by the commission [relating to depreciation] *shall* be designed to permit the adoption and use by the taxpayer of a *uniform method* of computing his allowance for depreciation for the purposes of this chapter and for federal income tax purposes." (Emphasis supplied.) The Commissioner of Internal Revenue had specifically ruled that the 150 percent declining balance method may be used for used property acquired after December 31, 1953, the effective date of the 1954 Internal Revenue Code. Rev Rul 57-352, 1957-2 Cum Bull 150.

■ When the legislature passed the 1957 amend-

---

[9] The opinion and order of the tax commission states: "The unequivocal language of the amended statute ORS 316.335(3) (b) states that the declining balance method will be available if the property was 'Acquired after December 31, 1956, if the original use of such property commences with the taxpayer and commences after such date.'

"On the agreed facts it is clear that the taxpayers do not come within this requirement since they were not the original users of the property. * * *"

ment to ORS 316.335 it spelled out its intention to establish uniformity for the taxpayer in computing his depreciation for state and federal tax purposes. Differences had previously existed: the federal authorities had allowed the 150 percent depreciation methods; the state had expressly disallowed it. The legislature wanted to abolish the difference and eliminate the necessity of keeping two sets of books—one for computing depreciation for federal taxes and another for Oregon income taxes. This was accomplished by adopting almost the exact language of section 167 of the 1954 Internal Revenue Code and by expressly stating in the 1957 amendments that the legislative intent was to make uniform the state and federal depreciation rules for the benefit of the taxpayer.

■ The plaintiffs contend that the "reasonable allowance" for depreciation rule as found in both the state and federal statutes includes the named methods of depreciation but it does not exclude others that are reasonable, including the 150 percent declining balance method of depreciation. Both statutes state that a reasonable allowance "includes" the named methods. Section 7701(b) of the 1954 Internal Revenue Code provides that the "terms 'includes' and 'including' * * * shall not be deemed to exclude other things otherwise within the meaning of the term defined." By specifically mentioning the double declining balance method Congress, in enacting the 1954 Code, did not intend to exclude the use of the 150 percent method under the reasonable allowance section of the statute. In fact, section 1.167(b)-(O)(b) of the federal regulations, adopted after the enactment of section 167 of the Internal Revenue Code, provides that methods previously found adequate to produce a reasonable allowance under the Internal Revenue Code of 1939 or

prior revenue laws will "* * * continue to be acceptable under section 167(a). Examples of such methods which continue to be acceptable are * * * the declining balance method with the rate limited to 150 percent * * *."

Thus it appears that Congress in enacting section 167 of the Internal Revenue Code, and the Commissioner of Internal Revenue in interpreting it, considered the 150 percent declining balance method to be available as a "reasonable allowance" for depreciation under the statute.

█ The Oregon legislature in amending ORS 316.335 in 1957 intended to provide a uniform method of depreciation for state and federal tax purposes. The federal taxing authorities allowed the 150 percent method as being a reasonable allowance. The plaintiffs herein are entitled to the 150 percent method of depreciation under the general language of "reasonable allowance" in the statute, particularly when read in conjunction with subsection (2), the legislative mandate to provide uniformity between state and federal depreciation allowances.